

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BELARUSSIAN SHIPPING CO.,                    :

                    Plaintiff,                    :

         - against -                    :           08 Civ. _____
                                                          ECF CASE

S&T HARRISONS GmbH,                          :

                    Defendant.          :
----------------------------------------------------------X

## **VERIFIED COMPLAINT**

Plaintiff, BELARUSSIAN SHIPPING CO. (hereinafter referred to as "Plaintiff" or "BSC"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, S&T HARRISONS GmbH (hereinafter referred to as "Defendant" or "S&T"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Minsk.

3. Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business in Hamburg.

4. By a charter party dated April 29, 2008 on an amended NYPE form, BSC chartered the "M/V ORIENTAL QUEEN VI" to S&T for a time charter of "one or two laden legs in Charterers' option."

5. Certain disputes arose between the parties after the Defendant wrongfully forced Plaintiff to overpay hire and other expenses due and owing to the Plaintiff in breach of the charter party.

6. As a result of Defendant's breaches of the charter party, Plaintiff has suffered damages in the principal amount of $172,650.90. *See Provisional Final Hire Statement annexed hereto as Exhibit "1."*

7. Despite due demand, Defendant has failed to pay the sums due and owing as a result of its breaches of the charter party.

8. Pursuant to the aforementioned charter party, any disputes arising thereunder shall be referred to Arbitration in London with English law to apply.

9. Plaintiff will soon commence arbitration in London and appoint its arbitrator.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $172,650.90 |
| B. | Estimated interest on claims:<br>3 years at 6.5% | $39,998.63 |
| C. | Estimated attorneys' fees: | $75,000.00 |
| **Total** | | **$287,649.53** |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$287,649.53.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$287,649.53** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: June 26, 2008
New York, NY

The Plaintiff,
BELARUSSIAN SHIPPING COMPANY,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  City of Southport
County of Fairfield   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    June 26, 2008
          Southport, CT

                                    _____
                                    Lauren C. Davies

# EXHIBIT 1

MV "ORIENTAL QUEEN VI"
PFHS

| From: | 12/05/08 | 04:30 GMT |
|---|---|---|
| To: | 22/06/08 | 01:15 GMT |

| Description | Debit | Credit |
|---|---|---|
| **Charter-Hire :** 40.86458 days at US$ 38,000.00 per day | | US$ 1,552,854.17 |
| Less total commission  3.75% | US$ 58,232.03 | |
| **Bunkers on board on delivery :** | | |
| IFO  380.000 mts at US$ 625.00 pmt  500 | | US$ 237,500.00 |
| MGO  49.840 mts at US$ 1,050.00 pmt | | US$ 52,332.00 |
| **Bunkers on board on redelivery :** | | |
| IFO  300.002 mts at US$ 625.00 pmt | US$ 187,501.25 | |
| MGO  19.583 mts at US$ 1,050.00 pmt | US$ 20,562.15 | |
| MDO overconsumed on sea passage Achladi - Nikolayev 4,10 mt at USD 1050 | US$ 4,305.00 | |
| From  To  Days | | |
| 18/05/2008 22:45  18/05/2008 23:30  0.0168269  time lost 24 mins due to reduced speed after exit fm 1st. Strait - receipt of spare parts | US$ 639.42 | |
| Plus comission | | US$ 23.98 |
| Off-hire bunker: | | |
| FO  0.387019231 mts at US$ 625.00 pmt | US$ 241.89 | |
| DO  0.033653846 mts at US$ 1,050.00 pmt | US$ 35.34 | |
| Off-hire C/V/E: | US$ 0.83 | |
| From  To  Days | | |
| 22/05/2008 23:00  23/05/2008 08:30  0.3958333  time lost in Suez Canal due to supply of fresh water, spare parts and crew change | US$ | |
| Plus comission | | |
| Off-hire bunker: | | |
| FO  mts at US$ 625.00 pmt | US$ | |
| DO  0.83125 mts at US$ 1,050.00 pmt | US$ | |
| Off-hire C/V/E: | US$ | |
| Time lost on sea passage Nikolayev - Paradip 5,75 hrs | US$ 9,104.17 | |
| Plus comission | | US$ 341.41 |
| MGO overconsumed on sea passage Nikolayev - Paradip 2,42 mt at USD 1050 | US$ 2,541.00 | |
| From  To  Days | | |
| ESTIMATED | | |
| 14/06/2008 13:54  19/06/2008 17:45  5.1604167  time lost due to illegal instruction of Owners to Master not to berth the vessel in Paradip | US$ 196,095.83 | |
| Plus comission | | |
| Off-hire bunker: | | |
| FO  mts at US$ pmt | US$ | |
| DO  8 mts at US$ 1,050.00 pmt | US$ 8,400.00 | |
| Off-hire C/V/E: | US$ 254.49 | |
| ILOHC | | US$ 5,000.00 |
| C/V/E  1,500.00 PMPR | | US$ 2,009.73 |
| Estimated Owners expenses USD 1000 per port of call (2 ports of call Nikolayev, Paradip) | US$ 2,000.00 | |
| Cash to Master in Suez Canal USD 7000 + 2,5% | US$ 7,175.00 | |
| Nikolayev (bunker MGO 20 mt at USD 1650 + barging USD 400) 33400 + 2,5% | US$ 34,235.00 | |
| Estimated additional telephone expenses for negotiations with concerned parties while Owners' illegal actions in Paradip | US$ 1,000.00 | |
| Bonus for redelivery in Paradeep | US$ | US$ 135,000.00 |
| On-hire survey USD 800 | US$ 400.00 | |
| Off-hire survey at USD | US$ | |
| Less amount paid | US$ 818,194.70 | |
| Less amount paid | US$ 131,464.41 | |
| Less amount paid | US$ 354,745.09 | |
| Less amount paid | US$ 73,248.36 | |
| Less amount paid | US$ 72,994.26 | |
| Less amount paid | US$ 36,624.18 | |
| Less amount paid | US$ 64,484.18 | |
| Less amount paid | US$ 36,609.42 | |
| Less amount paid | US$ 36,624.19 | |
| | US$ 2,157,712.18 | US$ 1,985,061.28 |
| Balance due to Charterers | US$ 172,650.90 | |